UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR ORELLANA,<br><br>    Plaintiff,<br><br>v.<br><br>FRANK QUATTRO, et al.,<br><br>    Defendants. | Case No. 17-cv-05755-JSC<br><br>**SCREENING ORDER REVIEWING FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 13 |

Plaintiff Victor Orellana, proceeding pro se, brings this civil action against Defendants Frank Quattro, Jr. and Christina Quattro related to his enrollment at Moler Barber College. The Court now screens Plaintiff's first amended complaint pursuant to 28 U.S.C. § 1915 and concludes the complaint is deficient for the reasons set forth below.

## FIRST AMENDED COMPLAINT ALLEGATIONS

Defendants Frank and Christina Quattro are the sole owners of Moler Barber College. (Dkt. No. 13 at 1.) Defendants claim that the college is a non-profit organization as well as a limited liability company. (*Id*.) Moler Barber College submits "fraudulent numbers" to the federal government in order to receive federal aid it does not qualify for. (*Id*.) The college received $5,815 in grants and other funds which were undisclosed to Plaintiff. (*Id*.) The school failed to follow procedure by not offering Plaintiff all of the aid he was entitled to. (*Id*.)

The school has no business license. (*Id*.) As a result Plaintiff's school hours did not count toward "state certification." (*Id*.) Finally, the college catalog states that all schooling must occur in Oakland, however Plaintiff studied in San Pablo. (*Id*.)

## PROCEDURAL HISTORY

On October 5, 2017, Plaintiff filed his complaint and a motion for leave to proceed in

1 forma pauperis. (Dkt. Nos. 1, 2.) The Court granted Plaintiff's motion to proceed in forma pauperis and concluded the complaint failed to survive 1915 review because the complaint did not allege that Defendants violated Plaintiff's federal rights or facts sufficient to establish diversity jurisdiction. (Dkt. No. 7.) The Court also instructed Plaintiff to submit an amended complaint by December 22, 2017. (*Id*.)

On December 7, 2017, the Court received a letter from Plaintiff explaining that he is currently incarcerated and defending criminal charges. (Dkt. No. 8.) For this reason Plaintiff asked the Court to "push back" this case at least one year. (*Id*.) The Court denied Plaintiff's request because Plaintiff had not shown good cause for continuing for one year the amendment of his complaint to show that he has a viable claim and that this Court has subject matter jurisdiction over this action. (Dkt. No. 9.) The Court advised Plaintiff that if he does not wish to prosecute this action at this time he may dismiss it without prejudice. (*Id*.) The Court gave Plaintiff an additional opportunity to amend his complaint with a new deadline of January 31, 2018. (*Id*.)

Plaintiff then submitted a second letter requesting "a longer extension" of at least an additional two months to amend his complaint. (Dkt. No. 11.) He explained that it took 10 days for him just to receive the Court's order and that he could not get access to the law library until January 18, 2018. (*Id*.) The Court granted this request by extending the deadline to file an amended complaint to March 30, 2018 and informed Plaintiff that no further extensions would be granted. (*Id*.)

Plaintiff filed his first amended complaint on January 24, 2018. (Dkt. No. 13.) Plaintiff requests that the Court allow Plaintiff more time to amend his complaint if the Court again determines that the complaint allegations are insufficient. (*Id*. at 2) Plaintiff also requests the Court "put this case off" until Plaintiff is released from county jail. (*Id*.)

**LEGAL STANDARD**

Under 28 U.S.C. § 1915, the Court has a continuing duty to dismiss any case in which a party is proceeding in forma pauperis if the Court determines that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous for Section 1915

2

purposes where there is no subject matter jurisdiction. *See Castillo v. Marshall*, 207 F.3d 15, 15 (9th Cir. 1997) (citation omitted); *see also Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 19987) (recognizing the general proposition that a complaint should be dismissed as frivolous on Section 1915 review where subject matter jurisdiction is lacking).

Regarding dismissals for failure to state a claim, Section 1915(e)(2) parallels the language of Federal Rules of Civil Procedure 12(b)(6). *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). The complaint therefore must allege facts that plausibly establish the defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). When the complaint has been filed by a pro se plaintiff, as is the case here, courts must "construe the pleadings liberally ... to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)(citations omitted). Upon dismissal, pro se plaintiffs proceeding in forma pauperis must be given leave to "amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1235 n.9 (9th Cir. 1984) (internal citations and quotation marks omitted); *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

**DISCUSSION**

There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332. For the Court to have federal question jurisdiction, the complaint must state a claim that arises under federal law. 28 U.S.C. § 1331. A cause of action "arises under federal law only when the plaintiff's well pleaded complaint raises issues of federal law." *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1386 (9th Cir. 1989).

Plaintiff has not cured the defects the Court identified in its previous order. (*See* Dkt. No. 7.) First, the complaint does not demonstrate a basis for federal question jurisdiction. As the Court previously explained, Plaintiff appears to allege only state law claims including breach of contract, fraud, and theft. (Dkt. No. 13 at 1.) Plaintiff claims Defendants committed "federal fraud," this time based on the allegation that Moler Barber College "submits fraudulent numbers to receive federal aid it does not qualify for." However, Plaintiff has not identified a federal

3

statute or right that Defendants violated that would give rise to a claim under federal law. Therefore, the complaint allegations are insufficient to establish federal question jurisdiction.

Second, the complaint does not allege a basis for diversity jurisdiction. To properly allege diversity jurisdiction, a plaintiff must claim damages in excess of $75,000. 28 U.S.C. § 1332(a). In addition, "diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008). Plaintiff states that Defendants are owners of Moler Barber College in San Pablo and Oakland California. While the college is located in California it is not clear whether Defendants Frank and Christina Quattro are citizens of California, nor has Plaintiff included any allegations regarding his own citizenship. Further, Plaintiff has failed to demand an amount of damages greater than the jurisdictional minimum.

Accordingly, the Court concludes the complaint does not demonstrate a basis for federal jurisdiction because the complaint does not allege that Defendants violated Plaintiff's federal rights nor does it allege facts sufficient to establish diversity jurisdiction, and therefore is insufficient to pass Section 1915 review.

**CONCLUSION**

For the reasons stated above, Plaintiff's complaint allegations are insufficient. Plaintiff must clearly provide the legal and factual basis for his claims as well as this federal court's jurisdiction to hear the claims. Any amended complaint must be filed by March 1, 2018.

If Plaintiff would like to pursue his case after he is released from county jail Plaintiff may voluntarily dismiss this matter without prejudice and refile the case at a later time.

The Court again encourages Plaintiff to refer to the Handbook for Pro Se Litigants, which is available along with further information for the parties on the Court's website located at http://cand.uscourts.gov/proselitigants. Plaintiff may also contact the Legal Help Center, 450 Golden Gate Avenue, 15th Floor, Room 2796, Telephone No. (415)-782-8982, for free assistance regarding his claims.

**IT IS SO ORDERED.**

Dated: February 1, 2018

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge